[896 NYS2d 328]

In the Matter of KEHINDE OLUWARANTI JOBI, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 2, 2010

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Roberta N. Kolar* of counsel), for petitioner.

*Howard Benjamin* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Kehinde Oluwaranti Jobi was admitted to the practice of law in the State of New York by the First Judicial Department on November 20, 1995. At all times relevant to this proceeding, she has maintained an office for the practice of law within the First Judicial Department.

The Committee moves for an order pursuant to 22 NYCRR 603.11 accepting respondent's resignation and striking her name from the roll of attorneys. The Committee further moves for an order directing respondent to make monetary restitution to the Lawyers' Fund for Client Protection or to her clients who have filed claims with the Fund in accordance with Judiciary Law § 90 (6-a).

Respondent's affidavit of resignation, sworn to on December 21, 2009, complies with 22 NYCRR 603.11 (a) (1)-(3) in that she states: (1) her resignation is rendered freely, voluntarily, without coercion or duress and that she is fully aware of the implications of submitting her resignation; (2) she is aware of a pending investigation based upon allegations of deceit involving the conversion of funds held in escrow, giving false testimony with respect thereto and the failure to satisfy judgments entered against her by two former clients and a third party; and (3) she acknowledges that she could not successfully defend herself against charges predicated upon the misconduct under investigation by the Committee.

With respect to one of the charges of conversion, it is alleged that respondent converted the sum of $21,250 which she deposited into her escrow account after she received the same from a real estate contract vendee named Jean John. A default judgment John subsequently obtained against respondent as a result of the conversion remains unsatisfied. Two other judgments entered against respondent in legal malpractice actions brought by former clients also remain unsatisfied. The Committee has reviewed respondent's affidavit, found it in compliance with section 603.11 and recommends its acceptance by this Court.

Pursuant to Judiciary Law § 90 (6-a) (a), restitution may be ordered in a disciplinary proceeding where that attorney has wilfully misappropriated or misapplied money or property in the practice of law. An order directing such restitution may be

entered as a civil judgment (Judiciary Law § 90 [6-a] [d]). Here, an order directing restitution would be futile in light of the fact that John has entered judgment against respondent as set forth above. In any event, respondent should reimburse the Lawyers' Fund for Client Protection as provided for by the statute.

Accordingly, the Committee's motion should be granted to the extent that respondent's resignation be accepted, and respondent's name be stricken from the roll of attorneys effective December 21, 2009. Additionally respondent is directed to reimburse the Lawyers' Fund for Client Protection for awards made to persons whose money or property was wilfully misappropriated or misapplied by respondent.

ANDRIAS, J.P., FRIEDMAN, RENWICK, DEGRASSE and FREEDMAN, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to December 21, 2009, as indicated.